The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties under a Pre-Trial Agreement, filed on 17 October 1994, and at the hearing as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the employment relationship existed between the parties on 24 May 1994.
2. ITT Hartford was the workers' compensation carrier on the risk.
3. The parties stipulated a notebook consisting of the following:
a. Form 18, Form 19 and Form 33;
b. Eight pages of records from Pitt County Memorial Hospital;
c. Three pages of records from Raeford T. Pugh, M.D.;
d. Five pages of records from Beaufort County Hospital;
e. One page record from Greenville MRI; and
f. One page record from Pitt Orthopedic Services.
4. The issue for determination is whether plaintiff sustained a compensable back injury on 24 May 1994, and, if so, to what benefits is he entitled.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 36 year old male with a G.E.D. Plaintiff was hired to work during a shutdown at the Weyerhauser Plant in Plymouth, North Carolina, to perform iron worker duties at the rate of $14.00 per hour.
2. On 24 May 1994, plaintiff was assigned to work on the night shift. Plaintiff's supervisor, Perry Carrow, instructed plaintiff to go with co-worker, Reed Ratcliff, to obtain portable lights. Plaintiff and Mr. Ratcliff rode with safety manager Kent McNeely to the #5 paper machine to retrieve portable light fixtures.
3. As plaintiff started upstairs with the portable light fixture in the #3 machine area, his feet went out from under him; and plaintiff fell backwards three to four steps.
4. Plaintiff reported the incident to Mr. Carrow later in the shift, and he asked for some aspirin for pain.
5. Plaintiff reported to work on 24 May 1994 and talked with Mr. McNeely regarding the incident.
6. After the shift ended on Friday morning, plaintiff did not return to work, and sent word to Mr. Carrow that he was unable to work due to his back. Plaintiff has not worked since 27 May 1994.
7. On 27 May 1994, plaintiff was seen at the emergency room of Pitt County Hospital, where he complained of mid-back pain with shooting pain in both shoulders and the left leg, and numbness and tingling in legs. Dr. Keith Stone, emergency room physician, observed minimally positive straight leg raising, and assessed the condition as possible early herniated disk. Dr. Stone referred plaintiff to Dr. Barsanti, an orthopedic surgeon, for follow-up care, and ordered two days of bed rest.
8. Plaintiff was unable to get an appointment with Dr. Barsanti, and next sought treatment at Beaufort Hospital emergency room on 31 May 1994. Examination revealed lower dorsal tenderness and bilateral spasms. Plaintiff was again referred to Dr. Barsanti, where he made an appointment for 6 July 1994.
9. On 6 June 1994, plaintiff was seen by Dr. Raeford Pugh, a general practitioner, who ordered plaintiff to remain out of work until 6 July 1994.
10. On 6 July 1994, plaintiff was seen by Dr. Christopher Barsanti, at which time he complained of pain radiating down the posterior of both calves. Physical therapy was ordered.
11. On 15 September 1994, plaintiff was last seen by Dr. Pugh, and at that time Dr. Pugh was of the opinion that plaintiff was unable to return to work. Plaintiff has not returned for medical treatment.
12. Plaintiff has not been found to be a maximum medical improvement.
13. Plaintiff's average weekly wage is established as $560.00 per week, which yields a compensation rate of $373.35, based on the uncontroverted testimony in the record.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable specific traumatic incident on 24 May 1994 which resulted in injury to his back. G.S. § 97-2(6).
2. As a result of the compensable injury, plaintiff is entitled to temporary total disability compensation from 27 May 1994 until the date of the hearing before Deputy Commissioner Dollar, and continuing until such time as he is released to return to work by Dr. Pugh. G.S. § 97-29.
3. As plaintiff was not at maximum medical improvement as of the date of the hearing and had not returned to Dr. Pugh, the defendants shall arrange for plaintiff to continue in medical treatment with Dr. Pugh or other appropriate physician until such time as plaintiff is found to be at maximum medical improvement. Plaintiff is entitled to compensation of medical expenses incurred, or to be incurred, as a result of the 24 May 1994 injury. G.S. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission adopts the holding of the Deputy Commissioner and enters the following
AWARD
1. Subject to a reasonable attorney's fee, defendants shall pay temporary total disability compensation to plaintiff at the rate of $373.35 per week for the period from 27 May 1994 and continuing until plaintiff returns to work or until further orders of the Commission.
2. A reasonable attorney's fee of twenty-five percent is hereby approved to be deducted from sums due plaintiff and paid directly to counsel.
3. Defendants shall provide compensation for medical expenses incurred, or to be incurred, and including follow-up evaluation and care with Dr. Pugh or appropriate physician to determine if plaintiff has reached maximum medical improvement.
4. Defendant shall pay the costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER